USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 28 APR 2010

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x

PARADISE PRODUCE, INC.,

                      Plaintiff,

- against -

MY PRODUCE INC. and YOUNG KIM,

                      Defendants.
-------------------------------------------------------x

Index#: 09 CIV 10452 (PAC)

**Order To Show Cause For Preliminary Injunction with Temporary Restraining Order and/or granting Judgment on default**

Assigned to District Judge Paul M. Crotty

This matter is before the Court upon the Application of plaintiff, Paradise Produce Inc. ("plaintiff"), for an order (I) granting preliminary injunction, (ii) granting a Temporary Restraining Order Without Notice pursuant to Rule 65 of the Federal Rules of Civil Procedure, and/or, in the alternative, (iii) granting permanent injunction and judgment on default in the principal sum of $300,067.70 plus pre-judgment interest from October 6, 2009 through the date of the judgment, plus reasonable attorney's fees and the costs of recovery in the sum $5,000.00 pursuant to Rule 55.1 and 522(a) of the Civil rules for the Southern District of New York.

Pursuant to Rule 65(b), a temporary restraining order may be granted without notice to the adverse party only if (1) it clearly appears from specific facts shown by affidavit or verified complaint that immediate and irreparable injury, loss or damage will result before the adverse party can be heard in opposition, and (2) the applicant's attorney certifies the reasons that notice should not be required.

In this case, it appears from the complaint, heretofore served and filed in this action, and the affidavit of Nakwon Kang, plaintiff's president, sworn to on the 27th day of April, 2010, that plaintiff is a produce creditor of defendants, My Produce Inc. ("My") and Young Kim a/k/a Young Gon Kim ("Kim") (jointly "defendants") under Section 5(c) of the Perishable Agricultural Commodities Act (PACA), 7 U.S.C. §499e(c) and has not been paid for produce in the principal sum $300,067.70 supplied to defendants, as required by the PACA.

It is also clear that defendants, have violated and continue to violate their obligations pursuant to PACA to the extent that both My and its principal officer, Young Kim have failed and refused to use known PACA trust assets to pay their debt to Plaintiff.

Upon information and belief, although My no longer conducts business, My is the tenant/shareholder of record of two (2) commercial cooperative units known as Nos. 264B and 265B and located at the Hunts Point Terminal Market, Bronx, NY, 10474 ("co-op units") with share certificates and proprietary leases appurtenant to the co-op units are PACA trust assets and, with an estimated value in excess of $750,000.00, and , which proposed sale of the co-op units pursuant to a Contract of Sale are restrained and encumbered by an Order for preliminary injunction for the benefit of Maria Victoria Inc. and United States Produce Brokers, Inc., (see Maria Victoria Inc. et.al. v. My Produce Inc. et.al., USDC, SDNY #08CV3081)

In addition, upon information, upon information and belief, Yong Kim, who until recently owned and operated a very successful wholesale produce distribution business at the Hunts Point Market, has substantial hidden PACA trust assets

By reason of the foregoing, it appears that given the opportunity, defendants may and will abscond with trust assets and/or the trust assets may be dissipated by defendants by payments to non-PACA creditors and, as such, in violation of Federal law, the PACA trust assets which are now threatened with continuing dissipation.

If notice is given to defendants of the pendency of this motion for preliminary injunction, trust assets may be further dissipated before the motion is heard. Once dissipation has occurred, recovery of trust assets is all but impossible. Entry of this Order without notice assures retention of the all trust assets under the control of the Court, which is specifically vested with jurisdiction over the trust, 7 U.S.C. §499e(c)(4).

In accordance with Rule 65(b)(2), the applicant's attorney has certified why notice should not be required.

Based on the foregoing, the Court finds that plaintiff will suffer immediate irreparable injury in the form of loss of trust assets unless this order is granted without notice.

Therefore, it is by the United States District Court for the Southern District of New York,

**ORDERED**, that the above named defendants show cause before the Hon. Paul A. Crotty, presiding at the United States Courthouse, 500 Pearl Street, Courtroom 9B New York, New York on ~~Friday, May 7, 2010~~ , 2010 at 10:00 a.m. of that day, or as soon thereafter as counsel may be heard, why an order should not issue pursuant to the Federal Rules of Civil Procedure, Rule 65, requiring defendants, during the pendency of this action to place in trust, the sum $300,067.70 in an interest bearing account in care of Andrew Squire Esq., as attorney for plaintiff herein, in satisfaction of the defendants' trust obligations under Section 5(c) of the Perishable Agricultural Commodities Act of 1930, as amended, 7 U.S.C. §499(e); and it is further,

**ORDERED**, that defendants, the customers, agents, officers, subsidiaries, assigns, and banking institutions, shall not alienate, dissipate, pay over or assign any assets of defendants My Produce Inc. and Young Kim, including but not limited to the co-op units, except for payment to plaintiff until further order of this Court or until payment is made to plaintiff the sum of $300,067.70 by cashier's check or certified check, at which time this Order is dissolved; and it is further,

**ORDERED**, that in the event defendants fail to pay plaintiff $300,067.70 by cashier's check or certified check within two (2) business days of service of this Order, then defendants shall file with this Court with a copy to plaintiff's counsel an accounting which identifies all of their assets, liabilities and each account receivable of My Produce Inc. and Young Kim signed under penalty of perjury; and that defendants shall also supply to plaintiff's counsel within five (5) days of the date of this Order any and all documents in connection with the assets and liabilities of My Produce Inc. and Young Kim and their related, affiliated and/or subsidiary companies including but not limited to the most recent balance sheets, profit/loss statements, accounts receivable reports, accounts payable reports, accounts paid records and income tax returns as well as any and all documents related to the marketing and/or sale or lease of the ~~condominium~~ **COOP** units; and it is further,

**ORDERED**, that defendants shall post a Bond in the sum of $300,067.70 in the event that defendants are unable to timely deposit $300,067.70 with plaintiff's counsel, in accordance with this Order; and it is further,

**ORDERED**, that service of a copy of this order and the papers upon which it is based be served by fax or by personal service (by personal delivery or by affixing or by slipping under the main entrance door of and at Kim's private house residence address: 41-44 249th Street, Little Neck, New York 11362) or by Federal Express or express mail overnight delivery service upon each of the defendants to their last known place of

business at 256B Hunts Point Terminal Market, Bronx, NY, 10474 and to Kim's private house residence address, <u>and</u> via fax to Joon Park, Esq., c/o Park Legal Counsel Group, PLLC, 1001 Avenue of the Americas, Suite 1105, New York, NY, 10018 (phone 212-813-8383; fax 212-813-8384) the attorney who is in continuing contact plaintiff's attorney by telephone and who has represented to both Plaintiff's attorney and to the attorneys who represent PACA trust creditors of Plaintiff defendants' attorney in connection with this matter on or before _2:00_ o'clock in the _noon/pm_ _Friday, April 30, 2010_, 2010, shall be deemed good and sufficient service. Opposition papers shall be filed with the Court (with a courtesy copy for Chambers) and served to and received by plaintiff's attorney Andrew Squire, 379 Decatur Street, Brooklyn, NY, 11233 (papers may be hand delivered any time by placement in outdoor mailbox or by slipping papers through the gate under the stoop, by no later than _Tuesday, May 4, 2010_.

This Temporary Restraining Order is entered this _28_ day of _April_, 2010 at _2:15 pm_. A hearing on plaintiff's motion for preliminary injunction and judgment on default is set for the _7_ day of _May_, 2010 at _10:00_ _in Courtroom 9B_ Plaintiff shall forthwith serve defendants and their counsel, if any, with a copy of this order. _TRO is conditioned upon plaintiff posting Security in the amount of $5,000._ _by no later than Monday, May 3, 2010_

_____
Paul A. Crotty
United States District Judge

**ENDORSEMENT: TRO is conditioned upon plaintiff's posting of security in the amount of $5,000.00 by no later that Monday, May 3, 2010.**

*84\paradise.order\wpd*